IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FINANCIAL SOFTWARE SYSTEMS, INC.** :<br>        **Plaintiff,** :<br>                                  :<br>        v.                        :<br>                                  :<br>**PHILIPPE LECOCQ** :<br>        **Defendant.** :<br>                                  : | **CIVIL ACTION<br>NO. 07-3034** |

# MEMORANDUM AND ORDER

## ORDER

**AND NOW**, this 27th day of May, 2008, upon consideration of Defendant Philippe Lecocq's Motion for Partial Summary Judgment on the Causes of Action for Monetary Damages Pursuant to Federal Rule of Civil Procedure 56 (Document No. 9, filed October 22, 2007) and the Memorandum of Law of Plaintiff, Financial Software Systems, Inc., in Opposition to Defendant's Motion for Partial Summary Judgment (Document No. 10, filed November 5, 2007), **IT IS ORDERED** that Defendant Philippe Lecocq's Motion for Partial Summary Judgment on the Causes of Action for Monetary Damages Pursuant to Federal Rule of Civil Procedure 56 is **GRANTED** and all claims for money damages are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will conduct a scheduling conference covering the remaining claim for declaratory judgment in due course.

**MEMORANDUM**

**A.     Background**

Plaintiff Financial Software Systems, Inc. ("Finsoft") is a Pennsylvania corporation in the computer software systems industry. (Compl. ¶¶ 2, 5.) On December 10, 1993, plaintiff executed an Employment Agreement with defendant, Philippe Lecocq. The Employment Agreement was dated May 1, 1992. (Compl. Ex. A.)[1] Also on December 10, 1993, the parties executed a Stock Option Agreement, which gave defendant "an option to purchase 750 shares of stock in the plaintiff corporation." (Compl. ¶ 6, Ex. B.) In July of 1997, plaintiff terminated its relationship with defendant, allegedly because defendant violated his Employment Agreement and his common law obligations as a fiduciary. (Compl. ¶¶ 19, 21.)

On July 24, 2007, plaintiff filed a Complaint against defendant. The Complaint avers that defendant "solicit[ed] plaintiff's employees, engag[ed] in competitive activity with the plaintiff and conspir[ed] to and misappropriat[ed] plaintiff's trade secrets," thus violating both his common law obligations as a fiduciary and the terms of his Employment Agreement. (Compl. ¶ 21.) By engaging in this misconduct, plaintiff claims, defendant "forfeited" his rights under the Stock Option Agreement. (Compl. ¶ 23.) Thus, plaintiff asks the Court to enter a judgment declaring the Stock Option Agreement void and that defendant "has no ownership interest of any nature in the plaintiff, Financial Software Systems, Inc." (Compl. 6.) Plaintiff also alleges that defendant's "breach of fiduciary obligations, breach of contract, misappropriation of trade secrets, violation of his common law obligations, his statutory obligations and the plaintiff's

---

[1] In the Complaint, plaintiff incorrectly states that the Employment Agreement was dated May 1, 2002, and executed December 10, 2003. (Compl. ¶ 4.) The Employment Agreement itself, however, indicates that it was dated May 1, 1992, and executed December 10, 1993. (Compl. Ex. A, B.)

rights under state, federal and international law, render[] him liable for all damages sustained by the plaintiff caused by his actions including, but not limited to, damages for interfering with contracts between plaintiff and its employees, contracts between plaintiff and its customers, misappropriation of trade secrets and other proprietary information, conspiracy and bad faith." (Compl. ¶ 28.) Because of this conduct, plaintiff "demands that the Court award such damages as are appropriate." (Compl. 6.)

### B.  Defendant Philippe Lecocq's Motion for Partial Summary Judgment on the Causes of Action for Monetary Damages Pursuant to Federal Rule of Civil Procedure 56

In his Motion for Partial Summary Judgment, defendant argues that plaintiff's claims for monetary damages on the basis of breach of contract and breach of fiduciary duties and other torts are time-barred by the statutes of limitations for actions based in contract and tort, respectively. (Mem. of Law in Support of Def.'s Mot. 2-3.) Defendant asserts that the "monetary damages causes of action against [defendant] are based upon certain alleged wrongful actions by [defendant] which occurred, according to the [C]omplaint, on or before July 1997," when the President of plaintiff "learned of the alleged wrongful conduct . . . and terminated the relationship between the parties." (Id. at 2.) Defendant thus contends that the causes of action for monetary damages "accrued no later than 1997," the monetary damages claims based in contract are barred under the four year statute of limitations of 42 P.S. § 5525(a)(8), and the monetary damages claims based in tort are barred under the two year statute of limitations of 42 P.S. § 5524(7). (Id. at 2-3.)

Plaintiff opposes defendant's Motion for Partial Summary Judgment on two grounds. First, plaintiff contends that defendant "misconstrues plaintiff's Complaint and fails to recognize that plaintiff's Complaint is essentially seeking to have the Court validate its defenses to

3

[defendant]'s claims and is not setting forth independent causes of action except insofar as those causes of action[] may relate to defendant's rights under the Stock Option Agreement." (Pl.'s Mem. of Law 1-2.)  Second, plaintiff "concedes that any independent claims for monetary damages which it may have had against the defendant for conduct that occurred in July of 1997 would be barred by the [s]tatute of [l]imitations unless the [s]tatute of [l]imitations is tolled as a result of the defendant's fraudulent concealment." (Id. at 3.)  However, plaintiff argues that "[b]ecause no discovery has been taken in this action, plaintiff does not know at this point whether there are any damage claims which would survive a [s]tatute of [l]imitations defense based upon fraudulent [concealment]," and thus "it would be inappropriate at this time to forestall any possibility of awarding damages which discovery may reveal are warranted." (Id.)

**C.      Applicable Law**

A court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "genuine" issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." Id.  In considering a motion for summary judgment, the "facts must be viewed in the light most favorable to the party opposing summary judgment." Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).  The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations. See Hersh v. Allen Products Co., 789 F.2d 230 (3d Cir. 1986); Feddersen v. Garvey, 427 F.3d 108 (1st Cir. 2005); Pineda-Morales v. De Rosa, 2005 WL 1607276 (D.N.J. July 6, 2005). Under Pennsylvania law, the statute of limitations for an action based upon a written contract is four years. 42 P.S. § 5525(a)(8). "In a contract case, the cause of action accrues when there is an existing right to sue based on the breach of contract." Cooper v. Sirota, 37 Fed. App'x 46, 48 (3d Cir. 2002) (not precedential) (citing Leedom v. Spano, 436 Pa. Super. 18, 647 A.2d 221, 226 (1994)). Under Pennsylvania law, the statute of limitations for actions based upon tortious conduct is two years. 42 P.S. § 5524(7); Cooper, 37 Fed. App'x at 48; Mathews v. Hermann, 2008 WL 1914781, at *19 (E.D. Pa. April 30, 2008). "In a tort case, the cause of action accrues on the date of injury." Cooper, 37 Fed. App'x at 48 (citing Stroback v. Camaioni, 449 Pa. Super. 395, 674 A.2d 257, 262 (1996)).

The doctrine of fraudulent concealment "tolls the statute of limitations where 'through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry.'" Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991) (quoting Ciccarelli v. Carey Can. Mines, Ltd., 757 F.2d 548, 556 (3d Cir. 1985)). "There must be an affirmative and independent act of concealment that would divert or mislead the plaintiff from discovering the injury." Bohus, 950 F.2d at 925 (citing Gee v. CBS, Inc., 471 F. Supp. 600, 623 (E.D. Pa. 1979)). "The plaintiff has the burden of proving fraudulent concealment by 'clear, precise and convincing' evidence." Bohus, 950 F.2d at 925 (quoting Molineux v. Reed, 516 Pa. 398, 403, 532 A.2d 792 (1987)). "When fraudulent concealment is established, 'the statute [of limitations] is tolled until the plaintiff[ ] knew or using reasonable diligence should have known of the claim.'" Bohus, 950 F.2d at 925-26 (citing Vernau v. Vic's Market, Inc., 896 F.2d 43, 46 (3d Cir. 1990) (internal quotation omitted)).

**D.     Discussion**

Plaintiff's Complaint, on its face, seeks both a declaratory judgment that the Stock Option Agreement is void and "such damages as are appropriate" based upon defendant's alleged breach of his Employment Agreement, breach of his fiduciary duties, and other tortious conduct. (Compl. 6; ¶ 28.)  The declaratory judgment claim is not at issue in the pending motion.

The Court concludes that plaintiff's claim for monetary damages based upon an alleged breach of contract by defendant accrued in July of 1997 and is time-barred under the four year statute of limitations of 42 P.S. § 5525(a)(8) for actions based in contract.  The Court further concludes that plaintiff's claims for monetary damages based upon its allegation that defendant breached his fiduciary obligations and engaged in other tortious conduct also accrued in July of 1997 and are time-barred under the two year statute of limitations of 42 P.S. § 5524(7) for actions based in tort.

Further, the Court determines that the doctrine of fraudulent concealment is inapplicable in this case.  As stated by plaintiff in the Complaint, plaintiff learned of defendant's alleged misconduct - "soliciting plaintiff's employees, engaging in competitive activity with the plaintiff and conspiring to and misappropriating plaintiff's trade secrets" - by July of 1997.  (Compl. ¶¶ 19, 21.)  Plaintiff specifically alleges that it "terminated any relationship" between the parties in July of 1997 because of this misconduct.  (Compl. ¶ 19.)  Thus, the Complaint makes clear that plaintiff had knowledge of its alleged injuries by July of 1997, and plaintiff cannot rely on equitable tolling to save its claims for monetary damages.  Bohus v. Beloff, 950 F.2d 919, 925-26 (3d Cir. 1991).

**E.**     **Conclusion**

For the reasons set forth above, Defendant Philippe Lecocq's Motion for Partial Summary Judgment on the Causes of Action for Monetary Damages Pursuant to Federal Rule of Civil Procedure 56 is granted and all claims for money damages are dismissed with prejudice.

                                 **BY THE COURT:**

                             **/s/ Honorable Jan E. DuBois**
                                  **JAN E. DUBOIS, J.**